# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY A. HARRIS ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| GENWORTH FINANCIAL ) | (Removed to this Court from the |
| HOME EQUITY ACCESS, INC., ) | Circuit Court of Jefferson County, |
| MORTGAGE ELECTRONIC ) | Alabama, CV 2017-902570) |
| REGISTRATION SYSTEMS, ) | |
| INC., REVERSE MORTGAGE ) | |
| SOLUTIONS, INC., ) | |
|     Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Mortgage Electronic Registration Systems, Inc. ("MERS", collectively the "Defendants") hereby give notice of the removal of the civil action captioned *Shirley A. Harris v. Genworth Financial Home Equity Access, Inc., Mortgage Electronic Registration Systems, Inc., Reverse Mortgage Solutions, Inc.*, Civil Action No. CV 2017-902570, Circuit Court of Jefferson County, State of Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441, and 1446. As grounds for removal, the Defendants state as follows:

## Diversity of Citizenship

1. On or about June 26, 2017, Plaintiff Shirley A. Harris ("Harris") filed her Complaint in the Circuit Court of Jefferson County, Alabama. *See* **Exhibit A**.

2. On or about July 11, 2017, Defendants RMS and MERS were both served with the Summons and Complaint.

3. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all documents in the court file of the State Court case – Jefferson County Circuit Court Case. No. 01-CV-2017-902570 – are attached hereto as **Exhibit A**.

## Prerequisites to Removal

4. The prerequisites for removal under 28 U.S.C. §§ 1331, 1332, 1441, and 1446 are all satisfied.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the Defendants have thirty-days from service of the Summons and Complaint to remove a state court action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999)(holding that a defendant has thirty days from formal service of a state court summons and complaint in which to timely remove a state court action).

6. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of the Notice of Removal, with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama.

7. In addition, written notice of the filing of this Notice of Removal will be served on the adverse party as required by law.

8. The other named defendant, Genworth Financial Home Equity Access, Inc. ("Genworth"), has not been formally served with the Summons and Complaint. *See* **Exhibit A**. In addition, a representative for Genworth has not appeared in the State Court case. *Id.* at Service Return, State Court Case Document 11 (indicating that service of the Complaint was not perfected because service was attempted on the former registered agent). Further, Plaintiff has not attempted to serve the Summons and Complaint on the new registered agent. *See* **Exhibit A**. Therefore, the absence of Genworth's consent to removal is not fatal to the Defendants' removal of this case. *See Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F.Supp.2d 814, 819 (W.D.Va. 2005).

## Diversity Jurisdiction

9. This case is removable because this Court has diversity jurisdiction over the subject matter of this case. For diversity jurisdiction to be invoked, 28 U.S.C. § 1332(a) requires complete diversity among all plaintiffs and defendants to an action, and that at least $75,000 be at issue. *See* 28 U.S.C. § 1332(a). Those requirements are satisfied here.

## Complete Diversity

10. Harris is, upon information and belief, an adult resident of the County of Jefferson, State of Alabama.

11. MERS was last qualified with the Alabama Secretary of State as a Delaware Corporation with its principal place of business in Vienna, Virginia, thereby making it a citizen of one of those two states. See 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for MERS is attached hereto as **Exhibit B**.

12. RMS was last qualified with the Alabama Secretary of State as a Delaware Corporation with its principal place of business in Houston, Texas, thereby making it a citizen of one of those two states. See 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for RMS is attached hereto as **Exhibit C**.

13. Genworth was last qualified with the Alabama Secretary of State as a California Corporation with its principal place of business in Rancho Cordova, California, thereby making it a citizen of California. See 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for Genworth is attached hereto as **Exhibit D**.

14. Therefore, pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between Harris and the defendants Genworth, MERS and RMS.

15. The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Jefferson County, Alabama, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. §§ 81(c)(2) and 1441(a).

## Amount in Controversy

16. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17. Harris's Complaint is based on her assertion that she is entitled to equitable, declaratory relief through nullification of the subject mortgage, and to have title to the property vested in the heirs at law of Samuel T. Harris. *See* **Exhibit A**, Complaint at Count One.

18. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993). In line with that, the court in *Berry v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1145219, at *4 (S.D. Ala. March 15, 2012), when faced with a plaintiff's

demand for injunction against foreclosure, considered evidence of the subject property's ad valorem taxes showing the fair market value of the real property at issue to determine the value of the object of the litigation, i.e., the amount in controversy.

19. In this case, Harris alleges that the Jefferson County Tax Assessor values the real property at issue (898 Dunwoody Lane NW, Birmingham, Alabama 35215) for tax purposes at $137,500.00. *See* **Exhibit A**, Complaint at ¶ 8.

20. Moreover, the amount of the subject Note and Mortgage Harris seeks to have deemed null and void is $210,000.00. *See* **Exhibit A**, Complaint, Exhibits "A" and "B" attached thereto. The Note and Mortgage establish that the fair market value of Plaintiff's Property interest exceeds the jurisdictional amount in this case. *See Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118, *4 (M.D.Ala. Oct. 28, 2009)(finding that the note and mortgage "are contracts that establish the fair market value of [the plaintiff's] property interest, which undisputedly exceeds the jurisdictional amount). In an action for declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobil Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). The object of the litigation is a security interest in the Property and the associated debt, which as shown by the Note and Mortgage, is

worth well more than the jurisdictional amount of $75,000.  *See* **Exhibit A**, Complaint, Exhibits "A" and "B" attached thereto.

21. Moreover, in addition to seeking a judgment in her favor for the value of the property, Harris specifically seeks damages as follows:

    a. "for mental anguish in an amount in excess of $50,000.00;"

    b. "for emotional distress in an amount in excess of $50,000.00;"

    c. "for wrongful foreclosure in an amount in excess of $50,000.00."

*See* **Exhibit A**, Complaint, Count Three.

22. The amount in controversy standard is satisfied when the defendant establishes that "the jurisdictional amount is [ ] stated clearly on the face of the documents before the court." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).  The amount in controversy here is clearly stated on the face of Harris's Complaint: $137,500 (tax assessed value of the property) plus $150,000 in specified monetary damages.

23. If the Court is not satisfied that the amount in controversy meets the jurisdictional requirement, or if Harris challenges it, the Defendants requests that the Court retain jurisdiction and permit the parties to develop the factual record in order to make findings of fact with regard to the amount in controversy.  As the United States Supreme Court has recently held: "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship between Plaintiff and Defendants, and pursuant to 28 U.S.C. §§ 1441 and 1446, removal is appropriate.

_____
Juan Ortega (ORTEJ0056)
R. Ryan Daugherty (asb-1653-b34d)
*Attorney for Defendants*
*Reverse Mortgage Solutions, Inc. and Mortgage Electronic Registration Systems, Inc.*

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
One Saint Louis Centre, Suite 1000
Mobile, Alabama 36602
Tel:  (251) 434-0107
Fax:  (251) 434-0196
E-mail address:
jortega@sirote.com
rdaugherty@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, a copy of the foregoing has been served via U.S. mail, first-class postage prepaid, to the following parties of record and/or filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Edward Fawal, Esq.
Attorney for Plaintiff
312 North 18th Street
Bessemer, AL 35020

Oscar W. Adams, III, Esq.
Attorney for Plaintiff
413 16th Street North
Birmingham, AL 35203

Genworth Financial Home Equity Access, Inc.
c/o Parnell & Crum
641 South Lawrence Street
Montgomery, Alabama 36104

_____
OF COUNSEL

DOCSBHM\2184148\6