FILED
2017 Aug-11  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
6/26/2017 9:35 AM
01-CV-2017-902570.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>06/26/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### SHIRLEY A. HARRIS v. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☑ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| FAW001 | 6/26/2017 9:35:14 AM | /s/ AUDEH EDWARD FAWWAL |
| | Date | Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
1/26/2017 9:35 AM
01-CV-2017-902570.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| SHIRLEY A. HARRIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO.: |
| | ) | |
| GENWORTH FINANCIAL HOME | ) | |
| EQUITY ACCESS, INC., | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| REVERSE MORTGAGE SOLUTIONS, | ) | |
| INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Shirley A. Harris, by and through counsel of record, and as grounds for the relief hereinafter prayed, avers the following:

## COUNT ONE

1. That the Plaintiff, Shirley A. Harris, was married to Samuel T. Harris, who departed this life on November 10, 2015.

2. That Samuel T. Harris entered into two Fixed Rate Home Equity Conversion Mortgages with Genworth Financial Home Equity Access, Inc. on August 18, 2011. Mortgage Electronic Registrations Systems, Inc., was Genworth Financial Home Equity Access, Inc.'s nominee. Further, said reverse mortgages were later assigned to Reverse Mortgage Solutions, Inc. True and correct copies of said mortgages are attached hereto as Exhibits "A" and "B" to this Complaint and are incorporated as if fully set out herein.

3. That Mr. Harris was married to the Plaintiff at the time of the placement of said mortgage, said property being the homestead of the deceased. The Plaintiff at no time consented to the execution of said mortgages.

4. That the mortgagor knew or should have known of the marital relationship in that the Plaintiff was present during the home inspection conducted by or on behalf of the mortgagor(s) and disclosed her status as Samuel T. Harris' spouse to the inspector.

5. That, pursuant to Code of Alabama Section 6-10-3, the execution of said mortgage was invalid and null and void.

WHEREFORE, Plaintiff prays that the Reverse Mortgage be nullified and title to said property be vested in the heirs at law to the estate of Samuel T. Harris, pursuant to Code of Alabama, Sections 43-8-41 and 43-8-42.

## COUNT TWO

6. Plaintiff re-avers and re-alleges each and every allegation contained in Count One of this Complaint as if fully set out herein, and further alleges as follows:

7. That the purchase price reflected on the Foreclosure Deed was One Hundred Fourteen Thousand Dollars ($114,000.00).

8. The 2016/2017 report from the Jefferson County, Alabama, Tax Assessor's office values the property at One Hundred Thirty-seven Thousand Five Hundred Dollars ($137,500.00).

9. This results in an unjust enrichment to the Defendants.

## COUNT THREE

10.   Plaintiff re-avers and re-alleges each and every allegation contained in Count One and Count Two of this Complaint as if fully set out herein, and further alleges as follows:

11.   The mortgages signed by Samuel T. Harris on August 18, 2011 did not disclose his marital status.

12.   The mortgage signed by Samuel T. Harris on August 18, 2011 did not contain the signature of Shirley A. Harris, his wife.

13.   The Harris' occupied the property as their home.

14. The mortgages are invalid because the plaintiff did not sign it.

15. Because the mortgages are invalid there is no lien on the property and there were no mortgages to foreclosure.

16. The technical foreclosure of the invalid mortgages was wrongful.

WHEREFORE, premises considered, Plaintiff prays that the Court enter a judgment in her favor for the value of the property at the time of foreclosure plus:

1. Damages for mental anguish in an amount in excess of $50,000.00.

2. Damages for emotional distress in an amount in excess of $50,000.00.

3. Damages for wrongful foreclosure in an amount in excess of $50,000.00.

RESPECTFULLY SUBMITTED,


/s/ A. Edward Fawwal
A. EDWARD FAWWAL (FAW001)
Attorney for Plaintiff
312 North 18th Street
Bessemer, AL  35020
(205) 428-4141


/s/ Oscar W. Adams, III
OSCAR W. ADAMS, III (ADA030)
Attorney for Plaintiff
413 16th Street North
Birmingham, AL  35203
(205) 458-1540

SERVE DEFENDANTS BY PERSONAL SERVICE AT:

GENWORTH FINANCIAL HOME EQUITY ACCESS, INC.
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

Mortgage Electronic Registration Systems, Inc.
c/o C. T. Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Reverse Mortgage Solutions, Inc.
c/o C. T. Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

After Recording Return To:
Genworth Financial Home Equity Access, Inc.
10951 White Rock Road, Suite 200
Rancho Cordova, CA 95670

20110824000835070  1/11
Bk: LR201106 Pg:22051
Jefferson County,Alabama
I certify this instrument filed or
08/24/2011 02:39:27 PM MTG
Judge of Probate- Alan L. King

This Document Prepared By:
Name:_____
Title:_____
Genworth Financial Home Equity Access, Inc.
10951 White Rock Road, Suite 200
Rancho Cordova, CA 95670

---

Space Above This Line For Recording Data

State of Alabama

FHA Case Number: 011-7177757/951-255
Loan Number: 3000025061
MIN: 1007992-3000025061-9

## FIXED RATE
## HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **August 18, 2011** ("Date"). The mortgagor is: **SAMUEL T. HARRIS** whose address is: **898 DUNWOODY LN NW, BIRMINGHAM, AL 35215-5183** ("Borrower"). The mortgagee under this Security Instrument is **Mortgage Electronic Registration Systems, Inc. ("MERS").** MERS is a separate corporation that is acting solely as nominee for Lender, and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. This Security Instrument is given to: **Genworth Financial Home Equity Access, Inc.** which is organized and existing under the laws of **THE STATE OF CALIFORNIA**, and whose address is: **10951 White Rock Road, Suite 200, Rancho Cordova, CA 95670** ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of **TWO HUNDRED TEN THOUSAND AND NO/100 (U.S. $210,000.00);** (b) the payment of all other sums, with interest, advanced under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on January 28, 2097. For this purpose, Borrower irrevocably mortgages, grants and conveys to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in **JEFFERSON** County, Alabama:

*STH*

3 0 0 0 0 2 5 0 6 1 G E N 3 0 2 c
Finale Document Services © 0201 07/07                    (1 of 10)              Alabama Mortgage HECM FIXED RATE - MERS

Legal description attached hereto as Exhibit A and by this reference made a part hereof.

which has the address of:   898 DUNWOODY LN NW, BIRMINGHAM, AL 35215-5183 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2.  **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3.  **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

    In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and

*SH*

Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4.    **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5.    **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender or MERS may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6.    **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is

in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

7.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.  **Grounds for Acceleration of Debt.**

    (a)  **Due and Payable.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument if:

        (i)   A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

        (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate, (or retaining a beneficial interest in a trust with such an interest in the Property).

    (b)  **Due and Payable with Secretary Approval.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

        (i)   The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

        (ii)  For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

        (iii) An obligation of the Borrower under this Security Instrument is not performed.

    (c)  **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph 9 (a)(ii) and (b) occur.

    (d)  **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had 30 days after notice to either:

        (i)   Correct the matter which resulted in the Security Instrument coming due and payable; or

        (ii)  Pay the balance in full; or

*STH*

(iii)   Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv)   Provide the Lender with a deed-in-lieu of foreclosure.

(e)  **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

(f)  **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment-in-full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.   **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11.   **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment-in-full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment-in-full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment-in-full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

12.   **Lien Status.**

(a)  **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for

*STH*

future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b)   **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c)   **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

13.   **Relationship to Second Security Instrument.**

(a)   **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

(b)   **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

(i)   This Security Instrument is assigned to the Secretary; or

(ii)   The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

(c)   **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i)   Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note; or



*STA*

(ii)   Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

(d)   **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14.   **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15.   **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16.   **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17.   **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18.   **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

19.   **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on

*STH*

Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. **Foreclosure Procedure. If Lender requires immediate payment-in-full under Paragraph 9, Lender may invoke the power of sale and any other remedies provided in this Paragraph 20, including, but not limited to, reasonable attorney's fees and costs of title evidence.**

   **If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 16. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in JEFFERSON County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

21. **Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made., regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

22. **This section is intentionally left blank.**

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

[ ]  Condominium Rider                    [ ]  Planned Unit Development Rider      _STH_

[ ]  Shared Appreciation Rider          [ ]  Other [Specify]

26.  **Nominee Capacity of MERS.**  MERS serves as mortgagee of record and secured party solely as nominee, in an administrative capacity, for Lender and its successors and assigns and holds legal title to the interests granted, assigned, and transferred herein. All payments or deposits with respect to the Secured Obligations shall be made to Lender, all advances under the Loan Documents shall be made by Lender, and all consents, approvals, or other determinations required or permitted of Mortgagee herein shall be made by Lender. MERS shall at all times comply with the instructions of Lender and its successors and assigns. If necessary to comply with law or custom, MERS (for the benefit of Lender and its successors and assigns) may be directed by Lender to exercise any or all of those interests, including without limitation, the right to foreclose and sell the Property, and take any action required of Lender, including without limitation, a release, discharge or reconveyance of this Mortgage. Subject to the foregoing, all references herein to "Mortgagee" shall include Lender and its successors and assigns.

   BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____    _____    _____    _____
Witness                                                          Date    Witness                                                          Date


_____    (Seal)
Borrower- **SAMUEL T HARRIS**

*STH*

Finale Document Services © 0201 07/07          (9 of 10)          Alabama Mortgage HECM FIXED RATE - MERS

[Space Below This Line For Acknowledgment]

State of Alabama

County __JEFFERSON_____

I _Douglas W. Ingram_____ hereby certify that __Samuel T. Harris_____

whose name is signed to the foregoing conveyance, and who is known to me, acknowledged
before me on this day that being informed of the contents of the conveyance, he executed
the same voluntarily on the day the same bears date. Given under my hand this

__18__, day of _August_____, A. D. 20 _11_



(signature of officer) Douglas W. Ingram
My commission expires: __7/26/2012____

_STU_

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
3 0 0 0 0 2 5 0 6 1 G E N 3 0 2 c
Finale Document Services © 0201 D7/07        (10 of 10)        Alabama Mortgage HECM FIXED RATE - MERS

**EXHIBIT A**

Exhibit A to the Mortgage made on **August 18, 2011**, by **SAMUEL T. HARRIS** ("Borrower") to Genworth
**Financial Home Equity Access, Inc. (**"Lender"). The Property is located in the county of **JEFFERSON**,
state of **Alabama**, described as follows:

Description of Property

Legal Description attached hereto as Exhibit A and by this reference made a part hereof.


LOT 24, ACCORDING TO THE SURVEY OF GARNER AND GRABOWSKI'S
ADDITION TO DUNWOODY, AS RECORDED IN MAP BOOK 141, PAGE
41 A AND B, IN THE PROBATE OFFICE OF JEFFERSON COUNTY, ALABAMA.

*STH*

```
3 0 0 0 0 2 5 0 6 1 6 E N 3 0 2 c
```
Exhibit A Mortgage
Finale Document Services © 7382 01/08

20110824000935070   11/11
Bk: LR201106 Pg:22051
Jefferson County,Alabama
08/24/2011 02:39:27 PM MTG
Fee = $35.00

Mortage Tax -$315.00
Total of Fees and Taxes-$350.00
JCOCKRELL

After Recording Return To:
Genworth Financial Home Equity Access, Inc.
10951 White Rock Road, Suite 200
Rancho Cordova, CA 95670

2011082400935880     1/10
Bk: LR201106 Pg:22062
Jefferson County,Alabama
I certify this instrument filed on
08/24/2011 02:39:20 PM MTG
Judge of Probate- Alan L. King

This Document Prepared By:
Name:_____
Title:_____
Genworth Financial Home Equity Access, Inc.
10951 White Rock Road, Suite 200
Rancho Cordova, CA 95670

---

Space Above This Line For Recording Data

State of Alabama

FHA Case Number: 011-7177757/951-255
Loan Number: 3000025061
MIN: 1007992-3000025061-9

### FIXED RATE
### HOME EQUITY CONVERSION SECOND MORTGAGE

THIS MORTGAGE ("Security Instrument" or "Second Security Instrument") is given on August 18, 2011 ("Date"). The mortgagor is SAMUEL T. HARRIS whose address is 898 DUNWOODY LN NW, BIRMINGHAM, AL 35215-5183 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender" or "Secretary"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Second Note, with interest,and all renewals, extensions and modifications of the Second Note, up to a maximum principal amount of TWO HUNDRED TEN THOUSAND AND NO/100 Dollars (U.S. $210,000.00); (b) the payment of all other sums, with interest, advanced under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Second Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on January 28, 2097. For this purpose, Borrower irrevocably mortgages, grants and conveys to Lender, with power of sale, the following described property located in JEFFERSON County, Alabama:

Legal description attached hereto as Exhibit A and by this reference made a part hereof.

which has the address of:  898 DUNWOODY LN NW, BIRMINGHAM, AL 35215-5183 ("Property Address").

STH

3 0 0 0 0 2 5 0 6 1 G E N 3 0 3 3
Finale Document Services © - 0252 (07/07)          (1 of 9)          Alabama Second Mortgage - HECM FIXED RATE

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is only encumbered by a First Security Instrument given by Borrower and dated the same date as this Security Instrument ("First Security Instrument"). Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Second Note.

2.  **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement. Lender may require Borrower to pay specified property charges directly to the party owed payment even though Lender pays other property charges as provided in this Paragraph.

3.  **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

    In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender, instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under the Second Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Second Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

*STH*

4. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) and shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6. **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under the Second Note and this Security Instrument. Any excess proceeds



over an amount required to pay all outstanding indebtedness under the Second Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary for the Home Equity Conversion Mortgage Insurance Program.

9.  **Grounds for Acceleration of Debt.**

    (a)  **Due and Payable.** Lender may require payment-in-full of all sums secured by this Security Instrument if:

        (i)   A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

        (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate, (or retaining a beneficial interest in a trust with such an interest in the Property); or

        (iii) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

        (iv)  For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

        (v)   An obligation of the Borrower under this Security Instrument is not performed.

    (b)  **Notice to Lender.** Borrower shall notify the Lender whenever any of the events listed in Paragraph 9(a)(ii)-(v) occur.

    (c)  **Notice to Borrower.** Lender shall notify Borrower whenever the loan becomes due and payable under Paragraph 9(a)(ii)-(v). Lender shall not have the right to commence foreclosure until Borrower has had 30 days after notice to either:

        (i)   Correct the matter which resulted in the Security Instrument coming due and payable; or

        (ii)  Pay the balance in full; or

        (iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

        (iv)  Provide the Lender with a deed-in-lieu of foreclosure.

    (d)  **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a

*STH*



3 0 0 0 0 2 5 0 6 1 G E N 3 0 3 s

Finale Document Services © - 0252 (07/07)                    (4 of 9)                    Alabama Second Mortgage - HECM FIXED RATE

Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

10. **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed.

11. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment-in-full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment-in-full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment-in-full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

12. **Lien Status.**

   (a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the property is not encumbered by any liens (except the First Security Instrument described in Paragraph 13(a), this Second Security Instrument and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

   (b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

   (c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the



STH

Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

13. **Relationship to First Security Instrument.**

    (a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and this Second Security Instrument. Borrower also has executed a First Note and First Security Instrument.

    (b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the First Note unless:

        (i) The First Security Instrument is assigned to the Secretary; or

        (ii) The Secretary accepts reimbursement by the holder of the First Note for all payments made by the Secretary.

    If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt under the First Note.

    (c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

        (i) Be required to pay amounts owed under the First Note, or pay any rents and revenues of the Property under Paragraph 19 to the holder of the First Note or a receiver of the Property, until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note; or

        (ii) Be obligated to pay interest or shared appreciation under the First Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the First Note.

    (d) **No Duty of the Secretary.** The Secretary has no duty to the holder of the First Note to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though the holder of the First Note may be unable to collect amounts owed under the First Note because of restrictions in this Paragraph 13.

    (e) **Restrictions on Enforcement.** Notwithstanding anything else in this Security Instrument, the Borrower shall not be obligated to comply with the covenants hereof, and Paragraph 19 shall have no force and effect, whenever there is no outstanding balance under the Second Note.

14. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15. **Successors and Assigns Bound; Joint and Several Liability.** Borrower may not assign any rights or obligations under this Security Instrument or the Second Note, except to a trust that meets

*STH*

the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to the Secretary shall be given by first class mail to the HUD Field Office with jurisdiction over the Property or any other address designated by the Secretary. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Second Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Second Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Second Note are declared to be severable.

18. **Borrower's Copy.** Borrower shall be given one conformed copy of the Second Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

19. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues of the Property and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19, except as provided in the First Security Instrument.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. **Foreclosure Procedure. If Lender requires immediate payment-in-full under Paragraph 9, Lender may invoke the power of sale and any other remedies provided in this Paragraph 20, including, but not limited to, reasonable attorney's fees and costs of title evidence.**

*STH*

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in Section 16. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in JEFFERSON County, Alabama, and thereupon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order:  (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

21.   **Lien Priority.** The full amount secured by this Security Instrument shall have lien priority subordinate only to the full amount secured by the First Security Instrument.

22.   This section is intentionally left blank.

23.   **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24.   **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

25.   **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

[ ]   Condominium Rider            [ ]   Planned Unit Development Rider
[ ]   Shared Appreciation Rider    [ ]   Other [Specify]

*STH*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     Date     _____     Date
Witness                                   Witness

_Samuel J. Harris_____ (Seal)
Borrower- SAMUEL T HARRIS

[Space Below This Line For Acknowledgment]

State of Alabama

County ___JEFFERSON_____

I _Douglas W. Ingram_____ hereby certify that _Samuel T. Harris_____

_____     _____

whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date. Given under my hand this

___18___ day of _August____, A. D. 20_11_

_____
(signature of officer) Douglas W. Ingram
My commission expires: ___7/26/2012_____

STH

300002506 1GEN3033

## EXHIBIT A

Exhibit A to the Mortgage given on **August 18, 2011**, by **SAMUEL T. HARRIS** ("Borrower") to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, S.W., Washington, D.C. 20410, ("Lender" or "Secretary"). The Property is located in the county of JEFFERSON, state of **Alabama**, described as follows:

Description of Property

Legal Description attached hereto as 'Exhibit A' and by this reference made a part hereof.

LOT 24, ACCORDING TO THE SURVEY OF GARNER AND GRABOWSKI'S ADDITION TO DUNWOODY, AS RECORDED IN MAP BOOK 141, PAGE 41 A AND B, IN THE PROBATE OFFICE OF JEFFERSON COUNTY, ALABAMA.

STATE OF ALABAMA - JEFFERSON COUNTY
hereby certify that no mortgage tax or deed tax has been collected on this instrument.

*[signature]* Judge of Probate

"NO TAX COLLECTED"

STH

Exhibit A Mortgage
Finale Document Services © 7501 05/08

20110824000935880   10/10
Bk: LR201106 Pg:22052
Jefferson County,Alabama
08/24/2011 02:39:28 PM MTG
Fee - $33.00

Total of Fees and Taxes-$33.00
JCOCKRELL



AlaFile E-Notice

01-CV-2017-902570.00

To:   AUDEH EDWARD FAWWAL
      edfawwal@aeflaw.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following complaint was FILED on 6/26/2017 9:35:23 AM

Notice Date:     6/26/2017 9:35:23 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  GENWORTH FINANCIAL HOME EQUITY ACCESS, INC
C/O CSC LAWYERS INCORP.
150 S. PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following complaint was FILED on 6/26/2017 9:35:23 AM

Notice Date:      6/26/2017 9:35:23 AM

Service by sheriff in 03 - MONTGOMERY County

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O C.T. CORPORATION SYST
2 N. JACKSON ST., STE.605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following complaint was FILED on 6/26/2017 9:35:23 AM

Notice Date:      6/26/2017 9:35:23 AM

Service by sheriff in 03 - MONTGOMERY County

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  REVERSE MORTGAGE SOLUTIONS, INC.
C/O C.T. CORPORATION SYST
2 N. JACKSON ST., STE.605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following complaint was FILED on 6/26/2017 9:35:23 AM

Notice Date:      6/26/2017 9:35:23 AM

Service by sheriff in 03 - MONTGOMERY County

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-902570.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

NOTICE TO:   GENWORTH FINANCIAL HOME EQUITY ACCESS, INC, C/O CSC LAWYERS INCORP. 150 S. PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AUDEH EDWARD FAWWAL                                                                                              ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                                    _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-902570.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

**NOTICE TO:** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., C/O C.T. CORPORATION SYST 2 N. JACKSON ST., STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), AUDEH EDWARD FAWWAL
_____,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020
_____.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                               *[Name(s)]*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested. _____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____.
*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-902570.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

NOTICE TO:   REVERSE MORTGAGE SOLUTIONS, INC., C/O C.T. CORPORATION SYST 2 N. JACKSON ST., STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), AUDEH EDWARD FAWWAL ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.   *[Name(s)]*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.   _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
6/26/2017 2:02 PM
01-CV-2017-902570.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SHIRLEY A. HARRIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Case Number cv-2017-902570.00** |
| | : | |
| **GENWORTH FINANCIAL HOME** | : | |
| **EQUITY ACCESS, INC.,** | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTMES, INC.,** | : | |
| **REERSE MORTGAGE SOLUTIONS,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**ENTRY OF APPEARANCE**

**COMES NOW** the undersigned and enters his appearance as additional counsel on behalf

of the Defendant herein and requests that he receive notice of all proceedings in this cause.

ADAMS LAW, P.C.

 /s/ *Oscar W. Adams, III*
Oscar W. Adams, III
413 – 16th Street North
Birmingham, Alabama 35203
(205) 458-1540
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SRVICE</u>

I hereby certify that I have this 26th day of June, 2017, filed this *Notice of Appearance*

with the Clerk of Court by using the AlaCourt Electronic Filing System (AlaFile), which will

notify all counsel of such filing, and/or I have deposited a copy of same in the United States Mail,

in an envelope with adequate postage affixed thereon, addressed to:

**Genworth Financial Home Equity Access, Inc.**
**c/o CSC Lawyers Incorporation Service, Inc.**
**150 S. Perry Street**
**Montgomery, Alabama  36104**

**Mortgage Electronic Registration Systems, Inc.**
**Cc/o C. T. Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

**and**

**Reverse Mortgage Solutions, Inc.**
**c/o C. T. Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

 */s/ Oscar W. Adams, III*_____
Oscar W. Adams, III
ATTORNEY FOR DEFENDANT



AlaFile E-Notice

01-CV-2017-902570.00

To: OSCAR W ADAMS III
oscaradamsiii@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF APPEARANCE was FILED on 6/26/2017 2:02:15 PM

Notice Date:     6/26/2017 2:02:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  GENWORTH FINANCIAL HOME EQUITY ACCESS, INC (PRO SE)
C/O CSC LAWYERS INCORP.
150 S. PERRY STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF APPEARANCE was FILED on 6/26/2017 2:02:15 PM

Notice Date:     6/26/2017 2:02:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (PRC
C/O C.T. CORPORATION SYST
2 N. JACKSON ST., STE.605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF APPEARANCE was FILED on 6/26/2017 2:02:15 PM

Notice Date:     6/26/2017 2:02:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  REVERSE MORTGAGE SOLUTIONS, INC. (PRO SE)
C/O C.T. CORPORATION SYST
2 N. JACKSON ST., STE.605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF APPEARANCE was FILED on 6/26/2017 2:02:15 PM

Notice Date:       6/26/2017 2:02:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To: FAWWAL AUDEH EDWARD
edfawwal@aeflaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF APPEARANCE was FILED on 6/26/2017 2:02:15 PM

Notice Date:     6/26/2017 2:02:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-902570.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL**

NOTICE TO: REVERSE MORTGAGE SOLUTIONS, INC., C/O C.T. CORPORATION SYST 2 N. JACKSON ST., STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AUDEH EDWARD FAWWAL
_____,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020
_____.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to C/o Mary Ann

Nichols acct. nsst in Montgomery County,
*(Name of Person Served)* *(Name of County)*

Alabama on 7/11/17
*(Date)*

MCSO
*(Address of Server)*

DS
*(Type of Process Server)*

B. Leuy
*(Server's Signature)*

B. Leuy
*(Server's Printed Name)* *(Phone Number of Server)*

**01-CV-2017-902570.00**
SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

| C001 - SHIRLEY A. HARRIS | v. | D003 - REVERSE MORTGAGE SOLUTIONS, INC. |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**FILED IN OFFICE**
**CIRCUIT CIVIL DIVISION**
**JUL 27 2017**
**ANNE-MARIE ADAMS**
**CLERK**

01CV201790257000

REVERSE MORTGAGE SOLUTIONS INC          Def

rURN COPY



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:  FAWWAL AUDEH EDWARD
edfawwal@aeflaw.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was served on 7/11/2017

**D003 REVERSE MORTGAGE SOLUTIONS, INC.**

**Corresponding To**

AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:   ADAMS OSCAR WILLIAM III
      oscaradamsiii@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was served on 7/11/2017

**D003 REVERSE MORTGAGE SOLUTIONS, INC.**

**Corresponding To**

AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-902570.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL**

NOTICE TO: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., C/O C.T. CORPORATION SYST 2 N. JACKSON ST., STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AUDEH EDWARD FAWWAL

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                *[Name(s)]*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to c/o Mary Ann Nichols acct. asst       in   Montgomery       County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on  7/11/17
*(Date)*

DS                          B. Lewis                    MCSO
*(Type of Process Server)*    *(Server's Signature)*        *(Address of Server)*

                            B. Lewis
                          *(Server's Printed Name)*       *(Phone Number of Server)*

**01-CV-2017-902570.00**
SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

| SHIRLEY A. HARRIS | v. | D002 - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
| *(Plaintiff)* | | *(Defendant)* |

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUL 27 2017

ANNE-MARIE ADAMS
CLERK

01CV201790257000



MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC   Def

**TURN COPY**



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:  FAWWAL AUDEH EDWARD
edfawwal@aeflaw.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was served on 7/11/2017

D002 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
Corresponding To
AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:  ADAMS OSCAR WILLIAM III
     oscaradamsiii@bellsouth.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was served on 7/11/2017

D002 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
Corresponding To
AUTHORIZED SERVICE

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**01-CV-2017-902570.00** |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

**NOTICE TO:** GENWORTH FINANCIAL HOME EQUITY ACCESS, INC, C/O CSC LAWYERS INCORP, 150 S. PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), AUDEH EDWARD FAWWAL

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 312 NORTH 18TH STREET, BESSEMER, AL 35020

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                              *(Name(s))*

| 6/26/2017 9:35:23 AM | /s/ ANNE-MARIE ADAMS | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.    _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*    *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____    _____

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____

*(Server's Printed Name)*    *(Phone Number of Server)*

### 01-CV-2017-902570.00
SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL

C001 - SHIRLEY A. HARRIS          v.  D001 - GENWORTH FINANCIAL HOME EQUITY ACCESS, INC

*(Plaintiff)*                              *(Defendant)*

**FILED IN OFFICE**
**CIRCUIT CIVIL DIVISION**

**JUL 27 2017**

**ANNE-MARIE ADAMS**
**CLERK**

**SERVICE RETURN COPY**

No longer a registered agent.

Please change agent
Name & Address to :

**Parnell & Crum**
641 S. Lawrence St.
Montgomery, AL 36104



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:  FAWWAL AUDEH EDWARD
edfawwal@aeflaw.net

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was not served on 7/31/2017

D001 GENWORTH FINANCIAL HOME EQUITY ACCESS, INC
Corresponding To
OTHER

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

Judge: BRENDETTE BROWN GREEN

To:  ADAMS OSCAR WILLIAM III
     oscaradamsiii@bellsouth.net

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following matter was not served on 7/31/2017

D001 GENWORTH FINANCIAL HOME EQUITY ACCESS, INC
Corresponding To
OTHER

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902570.00

To:  ROBERT RYAN DAUGHERTY
     rdaugherty@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF REMOVAL was FILED on 8/10/2017 5:10:03 PM

Notice Date:     8/10/2017 5:10:03 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/10/2017 5:09 PM
01-CV-2017-902570.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## BIRMINGHAM DIVISION

| | |
|---|---|
| **SHIRLEY A. HARRIS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.  CV-17-902570** |
| | ) |
| **GENWORTH FINANCIAL HOME** | ) |
| **EQUITY ACCESS, INC.; MORTGAGE** | ) |
| **ELECTRONIC REGISTRATION** | ) |
| **SYSTEMS, INC.; and REVERSE** | ) |
| **MORTGAGE SOLUTIONS, INC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE TO CLERK OF FILING NOTICE OF REMOVAL

TO:   Anne-Marie Adams
Circuit Court Clerk
Jefferson County, Alabama
Jefferson County Courthouse, Room 400
Birmingham, AL 35203

PLEASE TAKE NOTICE that Defendants Reverse Mortgage Solutions, Inc., and Mortgage Electronic Registration Systems, Inc., have removed this case to the United States District Court for the Northern District of Alabama, Southern Division, and further, that the Defendant Genworth Financial Home Equity Access, Inc., ("Genworth") has not joined in this removal because Plaintiff has not formally served Genworth with the Summons and Complaint.

Attached hereto and marked as Exhibit 1 and 2, respectively, are true and

correct copies of the Notice of Removal and the Notice to Plaintiff of Removal.

This the 10th day of August, 2017.

> *s/ R. Ryan Daugherty*
> Juan Ortega (ORT001)
> R. Ryan Daugherty (DAU008)
> *Attorney for Defendants*
> *Reverse Mortgage Solutions, Inc. and*
> *Mortgage Electronic Registration*
> *Systems, Inc.*

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
One Saint Louis Centre, Suite 1000
Mobile, Alabama 36602
Tel:   (251) 434-0107
Fax:   (251) 434-0196
E-mail address:
jortega@sirote.com
rdaugherty@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, a copy of the foregoing was served via U.S. mail, first-class postage prepaid, to the following parties of record and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Edward Fawal
Attorney for Plaintiff
312 North 18th Street
Bessemer, AL 35020

Oscar W. Adams, III
Attorney for Plaintiff
413 16th Street North
Birmingham, AL 35203

Genworth Financial Home Equity Access, Inc.
c/o Parnell & Crum
64 South Lawrence Street
Montgomery, Alabama 36104

> *s/ R. Ryan Daugherty*
> OF COUNSEL

2

# Exhibit 1

DOCSBHM\2184800\4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY A. HARRIS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **GENWORTH FINANCIAL** | ) | **(Removed to this Court from the** |
| **HOME EQUITY ACCESS, INC.,** | ) | **Circuit Court of Jefferson County,** |
| **MORTGAGE ELECTRONIC** | ) | **Alabama, CV 2017-902570)** |
| **REGISTRATION SYSTEMS,** | ) | |
| **INC., REVERSE MORTGAGE** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Mortgage

Electronic Registration Systems, Inc. ("MERS", collectively the "Defendants")

hereby give notice of the removal of the civil action captioned *Shirley A. Harris v.*

*Genworth Financial Home Equity Access, Inc., Mortgage Electronic Registration*

*Systems, Inc., Reverse Mortgage Solutions, Inc.*, Civil Action No. CV 2017-902570,

Circuit Court of Jefferson County, State of Alabama, to the United States District

Court for the Northern District of Alabama, Southern Division. This Notice of

Removal is filed pursuant to 28 U.S.C. §§1332, 1441, and 1446. As grounds for

removal, the Defendants state as follows:

1

## Diversity of Citizenship

1.  On or about June 26, 2017, Plaintiff Shirley A. Harris ("Harris") filed her Complaint in the Circuit Court of Jefferson County, Alabama. *See* **Exhibit A**.

2.  On or about July 11, 2017, Defendants RMS and MERS were both served with the Summons and Complaint.

3.  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all documents in the court file of the State Court case – Jefferson County Circuit Court Case. No. 01-CV-2017-902570 – are attached hereto as **Exhibit A**.

## Prerequisites to Removal

4.  The prerequisites for removal under 28 U.S.C. §§ 1331, 1332, 1441, and 1446 are all satisfied.

5.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the Defendants have thirty-days from service of the Summons and Complaint to remove a state court action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999)(holding that a defendant has thirty days from formal service of a state court summons and complaint in which to timely remove a state court action).

6.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of the Notice of Removal, with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama.

7. In addition, written notice of the filing of this Notice of Removal will be served on the adverse party as required by law.

8. The other named defendant, Genworth Financial Home Equity Access, Inc. ("Genworth"), has not been formally served with the Summons and Complaint. *See* **Exhibit A**. In addition, a representative for Genworth has not appeared in the State Court case. *Id.* at Service Return, State Court Case Document 11 (indicating that service of the Complaint was not perfected because service was attempted on the former registered agent). Further, Plaintiff has not attempted to serve the Summons and Complaint on the new registered agent. *See* **Exhibit A**. Therefore, the absence of Genworth's consent to removal is not fatal to the Defendants' removal of this case. *See Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F.Supp.2d 814, 819 (W.D.Va. 2005).

## Diversity Jurisdiction

9. This case is removable because this Court has diversity jurisdiction over the subject matter of this case. For diversity jurisdiction to be invoked, 28 U.S.C. § 1332(a) requires complete diversity among all plaintiffs and defendants to an action, and that at least $75,000 be at issue. *See* 28 U.S.C. § 1332(a). Those requirements are satisfied here.

3

Complete Diversity

10. Harris is, upon information and belief, an adult resident of the County of Jefferson, State of Alabama.

11. MERS was last qualified with the Alabama Secretary of State as a Delaware Corporation with its principal place of business in Vienna, Virginia, thereby making it a citizen of one of those two states. *See* 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for MERS is attached hereto as **Exhibit B**.

12. RMS was last qualified with the Alabama Secretary of State as a Delaware Corporation with its principal place of business in Houston, Texas, thereby making it a citizen of one of those two states. *See* 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for RMS is attached hereto as **Exhibit C**.

13. Genworth was last qualified with the Alabama Secretary of State as a California Corporation with its principal place of business in Rancho Cordova, California, thereby making it a citizen of California. *See* 28 U.S.C. § 1332(c)(1). A true and correct copy of the Alabama Secretary of State's "Business Entity Details" record for Genworth is attached hereto as **Exhibit D**.

14. Therefore, pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between Harris and the defendants Genworth, MERS and RMS.

4

15. The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Jefferson County, Alabama, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. §§ 81(c)(2) and 1441(a).

## Amount in Controversy

16. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17. Harris's Complaint is based on her assertion that she is entitled to equitable, declaratory relief through nullification of the subject mortgage, and to have title to the property vested in the heirs at law of Samuel T. Harris. *See* **Exhibit A**, Complaint at Count One.

18. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993). In line with that, the court in *Berry v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1145219, at *4 (S.D. Ala. March 15, 2012), when faced with a plaintiff's

5

demand for injunction against foreclosure, considered evidence of the subject property's ad valorem taxes showing the fair market value of the real property at issue to determine the value of the object of the litigation, i.e., the amount in controversy.

19. In this case, Harris alleges that the Jefferson County Tax Assessor values the real property at issue (898 Dunwoody Lane NW, Birmingham, Alabama 35215) for tax purposes at $137,500.00. *See* **Exhibit A**, Complaint at ¶ 8.

20. Moreover, the amount of the subject Note and Mortgage Harris seeks to have deemed null and void is $210,000.00. *See* **Exhibit A**, Complaint, Exhibits "A" and "B" attached thereto. The Note and Mortgage establish that the fair market value of Plaintiff's Property interest exceeds the jurisdictional amount in this case. *See Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118, *4 (M.D.Ala. Oct. 28, 2009)(finding that the note and mortgage "are contracts that establish the fair market value of [the plaintiff's] property interest, which undisputedly exceeds the jurisdictional amount). In an action for declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobil Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). The object of the litigation is a security interest in the Property and the associated debt, which as shown by the Note and Mortgage, is

worth well more than the jurisdictional amount of $75,000.  *See* **Exhibit A**, Complaint, Exhibits "A" and "B" attached thereto.

21.  Moreover, in addition to seeking a judgment in her favor for the value of the property, Harris specifically seeks damages as follows:

      a.  "for mental anguish in an amount in excess of $50,000.00;"

      b.  "for emotional distress in an amount in excess of $50,000.00;"

      c.  "for wrongful foreclosure in an amount in excess of $50,000.00."

*See* **Exhibit A**, Complaint, Count Three.

22.  The amount in controversy standard is satisfied when the defendant establishes that "the jurisdictional amount is [ ] stated clearly on the face of the documents before the court." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).  The amount in controversy here is clearly stated on the face of Harris's Complaint: $137,500 (tax assessed value of the property) plus $150,000 in specified monetary damages.

23. If the Court is not satisfied that the amount in controversy meets the jurisdictional requirement, or if Harris challenges it, the Defendants requests that the Court retain jurisdiction and permit the parties to develop the factual record in order to make findings of fact with regard to the amount in controversy.  As the United States Supreme Court has recently held: "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold. Evidence establishing the amount is required by §
1446(c)(2)(B) only when the plaintiff contests, or the court questions, the
defendant's allegation." *See Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S. Ct. 547, 554 (2014).

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based
on diversity of citizenship between Plaintiff and Defendants, and pursuant to 28
U.S.C. §§ 1441 and 1446, removal is appropriate.

Juan Ortega (ORTEJ0056)
R. Ryan Daugherty (asb-1653-b34d)
*Attorney for Defendants*
*Reverse Mortgage Solutions, Inc. and*
*Mortgage Electronic Registration*
*Systems, Inc.*

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
One Saint Louis Centre, Suite 1000
Mobile, Alabama 36602
Tel:   (251) 434-0107
Fax:   (251) 434-0196
E-mail address:
jortega@sirote.com
rdaugherty@sirote.com

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2017, a copy of the foregoing has been served via U.S. mail, first-class postage prepaid, to the following parties of record and/or filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Edward Fawal, Esq.
Attorney for Plaintiff
312 North 18th Street
Bessemer, AL 35020

Oscar W. Adams, III, Esq.
Attorney for Plaintiff
413 16th Street North
Birmingham, AL 35203

Genworth   Financial   Home   Equity
Access, Inc.
c/o Parnell & Crum
641 South Lawrence Street
Montgomery, Alabama 36104

_____
OF COUNSEL

# Exhibit 2

DOCSBHM\2184800\4

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **SHIRLEY A. HARRIS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**CASE NO.  CV-17-902570** |
| | ) |
| **GENWORTH FINANCIAL HOME** | ) |
| **EQUITY ACCESS, INC.; MORTGAGE** | ) |
| **ELECTRONIC REGISTRATION** | ) |
| **SYSTEMS, INC.; and REVERSE** | ) |
| **MORTGAGE SOLUTIONS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE TO PLAINTIFF OF REMOVAL</u>

To:    A. Edward Fawwal
        312 North 18th Street
        Bessemer, Alabama 35020

        Oscar W. Adams, III
        413 16th Street North
        Birmingham, Alabama 35203

Please take notice that Defendants Reverse Mortgage Solutions, Inc., and

Mortgage Electronic Registration Systems, Inc., by and through their undersigned

counsel of record has this date filed a Notice of Removal in the United States

District Court for the Northern District of Alabama, to remove the above-styled

action from the Circuit Court of Jefferson County, Alabama to the United States

District Court for the Northern District of Alabama.  You are also advised that a

true and correct copy of the Notice of Removal is being filed with Clerk of the Circuit Court of Jefferson County, Alabama, which will effectuate this removal.

This the 10th day of August, 2017.

s/ R. Ryan Daugherty
Juan Ortega (ORT001)
R. Ryan Daugherty (DAU008)
*Attorney for Defendants*
*Reverse Mortgage Solutions, Inc. and*
*Mortgage Electronic Registration*
*Systems, Inc.*

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
One Saint Louis Centre, Suite 1000
Mobile, Alabama 36602
Tel:   (251) 434-0107
Fax:   (251) 434-0196
E-mail address:
jortega@sirote.com
rdaugherty@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, a copy of the foregoing was served via U.S. mail, first-class postage prepaid, to the following parties of record and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Edward Fawal
Attorney for Plaintiff
312 North 18th Street
Bessemer, AL 35020

Oscar W. Adams, III
Attorney for Plaintiff
413 16th Street North
Birmingham, AL 35203

Genworth   Financial   Home   Equity
Access, Inc.
c/o Parnell & Crum
641 South Lawrence Street
Montgomery, Alabama 36104

s/ R. Ryan Daugherty
OF COUNSEL

2



AlaFile E-Notice

01-CV-2017-902570.00

To:  ROBERT RYAN DAUGHERTY
     rdaugherty@sirote.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY A. HARRIS V. GENWORTH FINANCIAL HOME EQUITY ACCESS, INC ET AL
01-CV-2017-902570.00

The following NOTICE OF REMOVAL was FILED on 8/10/2017 5:11:23 PM

Notice Date:     8/10/2017 5:11:23 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/10/2017 5:11 PM
01-CV-2017-902570.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## BIRMINGHAM DIVISION

| | |
|---|---|
| **SHIRLEY A. HARRIS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**CASE NO.  CV-17-902570** |
| | ) |
| **GENWORTH FINANCIAL HOME** | ) |
| **EQUITY ACCESS, INC.; MORTGAGE** | ) |
| **ELECTRONIC REGISTRATION** | ) |
| **SYSTEMS, INC.; and REVERSE** | ) |
| **MORTGAGE SOLUTIONS, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE TO PLAINTIFF OF REMOVAL

To:    A. Edward Fawwal
       312 North 18th Street
       Bessemer, Alabama 35020

       Oscar W. Adams, III
       413 16th Street North
       Birmingham, Alabama 35203

Please take notice that Defendants Reverse Mortgage Solutions, Inc., and

Mortgage Electronic Registration Systems, Inc., by and through their undersigned

counsel of record has this date filed a Notice of Removal in the United States

District Court for the Northern District of Alabama, to remove the above-styled

action from the Circuit Court of Jefferson County, Alabama to the United States

District Court for the Northern District of Alabama.  You are also advised that a

true and correct copy of the Notice of Removal is being filed with Clerk of the Circuit Court of Jefferson County, Alabama, which will effectuate this removal.

This the 10th day of August, 2017.

s/ R. Ryan Daugherty<br>
Juan Ortega (ORT001)<br>
R. Ryan Daugherty (DAU008)<br>
<i>Attorney for Defendants</i><br>
<i>Reverse Mortgage Solutions, Inc. and</i><br>
<i>Mortgage Electronic Registration</i><br>
<i>Systems, Inc.</i>

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
One Saint Louis Centre, Suite 1000
Mobile, Alabama 36602
Tel:    (251) 434-0107
Fax:    (251) 434-0196
E-mail address:
jortega@sirote.com
rdaugherty@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, a copy of the foregoing was served via U.S. mail, first-class postage prepaid, to the following parties of record and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

| | |
|---|---|
| Edward Fawal<br>Attorney for Plaintiff<br>312 North 18th Street<br>Bessemer, AL 35020 | Genworth Financial Home Equity Access, Inc.<br>c/o Parnell & Crum<br>641 South Lawrence Street<br>Montgomery, Alabama 36104 |
| Oscar W. Adams, III<br>Attorney for Plaintiff<br>413 16th Street North<br>Birmingham, AL 35203 | |

s/ R. Ryan Daugherty<br>
OF COUNSEL

2